IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOANNE SPRINGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:11-cv-1015-MEF |
| ) | (WO – Do Not Publish) |
| DOLGENCORP, LLC, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

A hearing on the parties' Joint Motion for Order Approving Settlement (Doc. #20) was held by this Court on November 7, 2012, with both parties attending by telephone. Before this hearing, the Court reviewed *in camera* the parties' proposed settlement agreement, which resolves Plaintiff Joanne Springer's claims under both the Fair Labor Standards Act ("FLSA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). At the hearing, the parties and the Court discussed whether the circumstances warrant placing the proposed settlement agreement, or a redacted copy of the proposed settlement agreement, under seal, either permanently or for a limited period of time, such that public access to the terms and conditions of this settlement would not unduly prejudice Defendant Dolgencorp, LLC ("Defendant") and the more than 3,000 individuals with FLSA claims that are, or may eventually be, pending against Defendant nationwide. At the hearing, the Court also discussed with the parties the reasonableness of the amount of fees and expenses made payable to Plaintiff's counsel from the settlement proceeds pursuant to the terms of the

proposed settlement agreement.

The Fair Labor Standards Act ("FLSA") was enacted for the purpose of protecting workers from substandard wages and oppressive working hours. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982). There are only two ways in which back wage claims under the FLSA can be settled or compromised by employees. *Id.* First, the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. 29 U.S.C. § 216(c). Second, an employee may sue her employer directly, reach a settlement with the employer, and then "present to the district court" the parties' proposed settlement. The district court may enter a stipulated judgment after "scrutinizing the settlement for fairness." *Lynn's Food Stores*, 679 F.2d at 1353.

To determine whether a proposed settlement of FLSA claims is fair, the Court examines the following factors: (1) Was the settlement achieved in an adversarial context?; (2) Was the Plaintiff represented by attorneys who can protect her rights?; (3) Does the settlement reflect a reasonable compromise of a bona fide dispute over FLSA provisions?; and (4) Is the settlement fair and reasonable? *Id.* at 1354-55. Having reviewed the parties' proposed settlement agreement *in camera*, and having considered the arguments of counsel and the record as a whole, the Court is satisfied that the above criteria has been met. The proposed settlement in this case was achieved in an adversarial context, and Plaintiff was represented by competent and capable counsel who could protect her rights. The proposed settlement agreement reflects a reasonable compromise of a bona fide dispute over FLSA

(and Title VII) provisions.  The Court is also satisfied that the proposed settlement is both fair and reasonable.  Finally, the Court is satisfied that the fees and expenses awarded to Plaintiff's counsel are reasonable considering the amount of work involved (more than 40 hours) and the hourly rate effectively charged, which equals to less than half of Plaintiff's counsel's standard hourly rate.  Accordingly, it is hereby ORDERED that the parties' Joint Motion for Order Approving Settlement (Doc. #20) is GRANTED.  The parties' proposed settlement agreement is approved.

Courts typically do not examine or approve settlement agreements; they are instead private contracts.  However, when, as here, a settlement agreement is approved by the Court, it becomes part of the judicial record.  "There is a common-law presumption that judicial records are public documents." *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1263 (M.D. Ala. 2003) (Thompson, J.).  Yet, the strength of the presumption of openness and public access to judicial records "falls along a continuum," and courts "should weigh the interests protected by the presumption of openness, namely, judicial transparency (especially in FLSA cases) . . . against the parties' interest in secrecy." *Id.* at 1264.  In this case, as previously discussed, Defendant is facing potentially 3,000 individual FLSA lawsuits as the result of a recent decertification of a collective action in the Northern District of Alabama.  These potential claims involve essentially the same issue as Plaintiff's case – whether employees were misclassified as "exempt" for purposes of the FLSA overtime provisions. Considering this litany of potential litigation, Defendant has a strong and legitimate interest in maintaining the confidentiality of the terms of its settlement agreement with Plaintiff, as

immediate disclosure of the settlement terms could have a significant impact on this developing litigation. Such an interest, in this Court's opinion, outweighs any interest the public may have at this time in judicial transparency with respect to the settlement of Plaintiff's FLSA claim.

However, this is not to say that all terms of the parties' settlement agreement in this matter should be protected from public scrutiny forever. Rather, the Court finds that the better course of action is to place a copy of the parties' settlement agreement, with the settlement amounts redacted, under seal for a limited period of time. This should strike an adequate balance between the needs and concerns of the parties and the presumptive right of the pubic to access court records.

Accordingly, it is hereby ORDERED that the parties submit a copy of the settlement agreement with the Clerk of this Court to be placed under seal within **five (5) business days** from the date of this Court's Order.[1] The amount(s) of the settlement should be redacted from the copy submitted to the Clerk of the Court. The Clerk of the Court is DIRECTED to place the parties' settlement agreement under seal for a period of **three (3) years** from the date of this Order.

It is further ORDERED that, upon placement of the parties' settlement agreement under seal, the parties shall file a joint stipulation of dismissal that complies with Federal

---

[1] The proper procedure for submitting a document to be placed under seal in the Middle District of Alabama can be found in the CM/ECF Administrative Procedures Manual located on the Court's website at http://www.almd.uscourts.gov/cmecf.

Rule of Civil Procedure 41(a)(1)(A)(ii) **on or before November 30, 2012**.

DONE this the 8th day of November, 2012.

/s/ Mark E. Fuller
United States District Court Judge
